■ In the Matter of DANIEL V., a Person Alleged to be in Need of Supervision, Appellant. [721 NYS2d 789] —In a proceeding pursuant to Family Court Act article 7, the appeal is from an order of disposition of the Family Court, Suffolk County (Simeone, J.), dated May 11, 2000, which, after a hearing, adjudicated the appellant a person in need of supervision and placed him in the custody of the Commissioner of the Suffolk County Department of Social Services for a period of 12 months.

Ordered that the appeal from so much of the order of disposition as placed the appellant in the custody of the Commissioner of the Suffolk County Department of Social Services for a period of 12 months is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

After a hearing, the Family Court adjudicated the appellant a person in need of supervision pursuant to Family Court Act article 7 (hereinafter PINS) and placed him in the custody of the Commissioner of the Suffolk County Department of Social Services (hereinafter the DSS) for a period of 12 months. Subsequently, the appellant was released to the custody of his mother and placed on probation. Accordingly, the appeal from so much of the order of disposition as placed the appellant with the DSS is dismissed as academic.

Prior to the hearing before the Family Court, the appellant, relying on *Matter of Beau II.* (95 NY2d 234), argued that the court should not hear the PINS petition until he was afforded the full procedural protections afforded pursuant to Education Law article 89. Education Law article 89 and the accompanying regulations (*see,* 8 NYCRR part 200) codify policies and procedures that must be followed as a condition for receiving Federal funds under the Individuals with Disabilities Education Act (hereinafter IDEA) (*see, Matter of Beau II., supra*; 20 USC § 1400 *et seq.*). However, the appellant in this case, unlike the appellant in *Matter of Beau II.,* had not been found to be a child with a disability within the meaning of IDEA prior to the PINS proceeding. Thus, *Matter of Beau II.* is distinguishable from this case.

The appellant's argument that he was entitled to the protec-

tions of IDEA pursuant to 8 NYCRR part 201 was not raised before the Family Court and, therefore, is not properly before this Court on appeal. Ritter, J. P., Altman, Goldstein and McGinity, JJ., concur.